# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| BEATTIE B. ASHMORE, IN HIS ) <br> CAPACITY AS COURT-APPOINTED ) <br> RECEIVER FOR THE THREE HEBREW ) <br> BOYS, ) <br>      ) <br>         Plaintiff, ) <br>      ) <br> vs. ) <br>      ) <br> ANTONIO V. CARR, AND ) <br> DREAMMAKERS REAL ESTATE ) <br> INVESTMENT COMPANY, LLC ) <br>      ) <br>         Defendants. ) | No. 3:12-cv-434-MBS <br><br> **ORDER** |

The within action arises from an investigation into the activities of Tony Pough, Joseph Brunson, and Timothy McQueen and the various business entities with which they are affiliated. The court entered an order on September 5, 2007 ("September 5 Order"), amended October 10, 2008, April 15, 2010, and April 15, 2010, appointing Beattie B. Ashmore, Esquire to serve as Receiver with respect to assets under the control or the custody of Tony Pough, Joseph Brunson, and Timothy McQueen, doing business as Three Hebrew Boys, LLC; Capital Consortium Group, LLC; Brunson Outreach; Daniel Development Group, LLC; Wotteth Outreach Ministries; Vision Financial Service; Faith Ministries; Warrior Express; TMS Family Trust; Purpose Driven, LLC; Tri-Warrior Transit, LLC; Tri-Transit Logistics, LLC; KMF, Inc.; and Vision Outreach (collectively "Three Hebrew Boys"). Pough, Brunson, and McQueen were found by a jury to have operated a Ponzi scheme. Accordingly, on November 20, 2009, Pough, Brunson, and McQueen were found guilty on multiple counts of conspiracy to commit mail fraud, swindling, scheming to defraud, and engaging in facilitating monetary transactions by, through, and to a financial institution. See United

States v. Brunson, Cr. No. 3:08-615.

In carrying out his duties, the Receiver has claimed a right to profits of the illegal Ponzi scheme obtained by "net winners," including Defendants Antonio V. Carr ("Carr") and Dreammakers Real Estate Investment Company, LLC ("Dreammakers"). The Receiver contends that Defendant Car profited in the amount of $365,362.87 as the result of participating in eight mortgage payoff programs as well as various other satisfaction programs and long term residual payments.

This matter is before the court on the Receiver's Motion for a Temporary Restraining Order and/or Preliminary Injunction pursuant to Fed. R. Civ. P. 65. See ECF No. 6. In the Motion, the Receiver asks the court to enjoin Defendants Carr and Dreammakers from transferring or otherwise encumbering the eight properties listed in Exhibit A to the Receiver's Complaint and ordering Carr and Dreammakers to hold in escrow all rental income generated from said properties until further order of this court. In addition, the Receiver asks the court to allow the Receiver to record Lis Pendens on the properties listed in Exhibit A to the Receiver's Complaint.

Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, the Receiver's counsel certified to the court, based upon information learned from their retained process server, that Carr, individually and as owner of Dreammakers, was attempting to evade service of the Summons, Complaint, and Rule 65 Motion. Such efforts to evade service concerned the Receiver as to Carr's intentions with respect to the assets at issue in the underlying lawsuit. Therefore, the court grants the request for an ex parte temporary restraining order and sets a hearing for the Receiver's request for a Preliminary Injunction on April 9, 2012 at 2:00 PM. The court further finds that the Receiver is exempt from the requirements of Rule 65(c) of the Federal Rules of Civil Procedure.

The standard for issuing a preliminary injunction and a temporary restraining order is the

same.  See Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006).  A plaintiff seeking injunctive relief must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc, 555 U.S. 7, 20 (2008).  The Court finds that the Receiver has met his burden for injunctive relief.

First, the Receiver has demonstrated that he is likely to succeed on the merits.  The Receiver filed a Complaint contemporaneously with the underlying Motion seeking recoupment of monies obtained by Defendants directly from a criminal Ponzi scheme.[1]  The Receiver alleges that Defendants profited from the Ponzi scheme in the amount of $365,362.87.  The circumstances surrounding receipt of these funds are sufficient to "arouse the suspicion of an ordinarily prudent man and cause him to make inquiry" as to the purpose of the transfers.  Coleman v. Daniel, 199 S.E.2d 74, 80 (S.C. 1973).  Specifically, the return on investment guaranteed and earned on deposits made with the Three Hebrew Boys was grossly in excess of comparable rates of return on other investment vehicles in the market at that time.   As such, the first element required for injunctive relief has been met.

Second, the Receiver has demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Defendants are in possession of eight properties for which the mortgages were satisfied as a direct result of the Ponzi scheme.  These properties are free and clear of liens and encumbrances based upon current information and belief.  If left unrestrained, Defendants would be able to encumber these properties or transfer them to unknowing buyers, likely depriving the Receiver of a remedy in this case.  In addition, Defendants will continue to take rental income from these properties paid for by criminal Ponzi scheme proceeds without any recourse by

---

[1] The underlying Complaint is related to In re Receiver, 3:10-cv-3141-MBS.

the Receiver.

Third, the balance of equities tips in favor of the Receiver. If Defendants are not restrained as set forth herein, the possibility exists for them to encumber the property or otherwise transfer the property to unknowing purchasers, as well as take for their personal use those rent proceeds currently generated off these properties. The harm to Defendants in granting this relief, however, is minimal as, upon information and belief, these properties are held as rental properties. No harm will come to defendants by preventing the sale or encumbrance pending a resolution on the merits. Conversely, the harm to the Receivership and the persons for whom restitution is sought would be tremendous.

Last, the public interest will be protected by restraining Defendants because it will allow the court to determine these issues on the merit and protect the public. Specifically, the beneficiaries of claims against Defendants are victims of the underlying criminal Ponzi scheme. Any net monies recovered from Defendants will be returned to qualified persons who lost money in the Ponzi scheme.

For these reasons, the court grants the Receiver's Motion for a Temporary Restraining Order and sets a hearing regarding the imposition of a preliminary injunction on April 9, 2012, at 2:00 PM at Courtroom V, Matthew J. Perry, Jr. Federal Courthouse, 901 Richland Street, Columbia, South Carolina. Therefore, it is

**ORDERED** that Defendants Carr and Dreammakers are hereby restrained from transferring or otherwise encumbering the eight properties listed in Exhibit A to the Receiver's Complaint. It is further

**ORDERED** that Defendants Carr and Dreammakers shall hold in escrow all rental income generated from said properties until further order of this court. It is further

**ORDERED** that the Receiver record Lis Pendens on the properties listed in Exhibit A to the Receiver's Complaint.

The Receiver is directed to serve a copy of this Order on Defendants and file proof of service with the court.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 27, 2012